**SCHOEMAN UPDIKE KAUFMAN & GERBER LLP**
155 Willowbrook Boulevard, Suite 300
Wayne, New Jersey 07470
T: (973) 256-9000
*Attorneys for Defendant Wal-Mart Stores East, LP*
*(incorrectly named as Walmart Stores East, LP)*

| | |
|---|---|
| ACQUEELAH WALKER-CASEY<br><br>Plaintiff,<br><br>vs.<br><br>WALMART STORES EAST, LP and JOHN DOE (1-Unlimited) and ABC CORPORATION (1-Unlimited),<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No. _____<br><br>NOTICE OF REMOVAL |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Wal-Mart Stores East, LP ("Wal-Mart Stores East" and incorrectly named as Walmart Stores East, LP), a Delaware limited partnership with its principal place of business in Bentonville, Arkansas, hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Somerset County, to the United States District Court for the District of New Jersey, based upon the following:

1. On or about February 13, 2018, Plaintiff Acqueelah Walker-Casey ("Plaintiff") commenced a civil action by filing a Complaint in the Superior Court of New Jersey, Law Division, Somerset County, entitled ACQUEELAH WALKER-CASEY vs. WALMART STORES EAST, LP and JOHN DOE (1-Unlimited) and ABC CORPORATION (1-Unlimited), Docket No. SOM-L-219-18 ("Complaint").

2. According to the Affidavit of Service filed by Plaintiff on June 25, 2018, the Summons, Complaint, Civil Case Information Statement and Track Assignment Notice were served on Wal-Mart Stores East on February 20, 2018.

3. February 20, 2018 was the first date on which Wal-Mart Stores East received copies of the Summons and Complaint through service or otherwise.

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, Civil Case Information Statement and Track Assignment Notice, which constitute all process, pleadings and orders served upon Wal-Mart Stores East are attached hereto as Exhibit A. Additionally, a true and correct copy of the Affidavit of Service referred to in Paragraph 2 is attached hereto as Exhibit B.

5. This Honorable United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action in which there is complete diversity of citizenship between Plaintiff and the Defendant, and in which the amount in controversy exceeds $75,000, exclusive of interest and costs, as described below.

6. Based upon the allegations in the Complaint, Plaintiff is a resident and citizen of the State of New Jersey.

7. Wal-Mart Stores East is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas, and is not a citizen of New Jersey.  The general partner of Wal-Mart Stores East is WSE Management LLC, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas. The limited partner of Wal-Mart Stores East is WSE Investment, LLC, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas.  The sole member of both WSE Management LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (formerly known as Wal-Mart Stores East, Inc.), a limited liability company organized under the laws of the State of Arkansas with its principal place of business in Bentonville, Arkansas.  The sole member and

parent company of Wal-Mart Stores East, LLC is Walmart Inc., a corporation organized under the laws of the State of Delaware with a principal place of business in Bentonville, Arkansas.

8. Neither Wal-Mart Stores East nor Walmart Inc. is a citizen of the State of New Jersey.

9. Diversity of citizenship existed among the parties when the Complaint was filed on or about February 13, 2018. Diversity of citizenship still exists among the parties at the time this Notice of Removal is being filed.

10. The Complaint alleges that on or about April 4, 2016, Plaintiff was a business invitee upon the premises of a Walmart store located at 100 N. Main Street, Manville, New Jersey, when Plaintiff was caused to slip and fall on a wet floor. Complaint, ¶¶ 3, 6. The Complaint also alleges that Plaintiff's injuries were a direct result of defendant's negligence and carelessness to allow and permit dangerous and unsafe conditions to exist. Complaint, ¶ 7. The Complaint further alleges that Plaintiff "suffered serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, all to Plaintiff's great loss and detriment." Complaint, ¶ 10. The Complaint goes on to allege that as a result of Plaintiff's alleged injuries, "Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future." Complaint, ¶ 11. The Complaint goes on further to allege that as a result of defendant's carelessness and/or negligence, "Plaintiff has suffered emotional injuries, along with the physical injuries suffered." Complaint, ¶ 12. Lastly, the Complaint alleges that Plaintiff "has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity" and "has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action." Complaint, ¶¶ 13, 14.

11. The Complaint does not explain the nature of Plaintiff's alleged injuries. Although the Complaint contains a demand for a judgment in an amount in excess of $50,000.00, it is not discernible from the language in the Complaint whether the amount in controversy exceeds $75,000.00.

12. On July 25, 2018, Wal-Mart Stores East's counsel sent a letter to Plaintiff's counsel requesting that Plaintiff stipulate that her damages do not exceed $75,000, exclusive of interests and costs. That letter included a stipulation (the "Stipulation") that Plaintiff's counsel was asked to sign, indicating that Plaintiff's damages do not exceed $75,000, exclusive of interest and costs, and that the maximum damages Plaintiff may recover from defendants at trial or in judgment, arising out of the incident alleged in the Complaint, is $75,000. The letter further indicated that "[t]he purpose of this request is to determine whether the amount in controversy is such that this matter may be removed to federal court based on diversity of citizenship of the parties." Finally, the letter asked Plaintiff's counsel to sign and return the Stipulation or "advise…that plaintiff is unwilling to stipulate that her damages do not exceed $75,000, exclusive of interest and costs."

13. On August 1, 2018, after an e-mail exchange with Plaintiff's counsel about the Stipulation, Plaintiff's counsel indicated via e-mail that he was not willing to stipulate that his client's damages did not exceed $75,000.00.

14. Thus, defense counsel did not know Plaintiff's position regarding the Stipulation until August 1, 2018 – a position which would determine whether the case was removable to federal court.

15. August 1, 2018 was the first day on which Wal-Mart Stores East received a response via electronic mail from which it ascertained that this matter is removable to Federal Court. Pursuant to 28 U.S.C. § 1446(b)(3) and *Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585 (D.N.J. 2016), this Notice is being filed with this Court within thirty (30) days of Wal-Mart Stores

East's first receipt "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

16. While Wal-Mart Stores East denies all liability to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in the Complaint, based upon the allegations of the Complaint and Plaintiff's counsel's refusal to stipulate that Plaintiff's damages do not exceed $75,000.00, and based upon information and belief, the amount in controversy exceeds the $75,000 jurisdictional amount under 28 U.S.C. § 1332.

17. Therefore, this civil action is removable to this Court pursuant to 28 U.S.C. §1441.

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court, Law Division, Somerset County, and is being served upon Plaintiff.

19. In filing this Notice of Removal, Wal-Mart Stores East does not waive any defects in service of process, venue or personal jurisdiction.

20. For the foregoing reasons, this United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

        SCHOEMAN UPDIKE KAUFMAN
        & GERBER LLP
        Attorneys for Defendant Wal-Mart Stores East, LP
        (incorrectly named as Walmart Stores East, LP)

        By: */s/ Ola A. Nunez*
            Ola A. Nunez

Dated: August 3, 2018

## LOCAL CIVIL RULE 11.2 VERIFICATION

Other than the action filed in the Superior Court of New Jersey, Law Division, Somerset County, which is the subject of this Notice of Removal, the matter in controversy, to the best of Wal-Mart Stores East, LP's knowledge, information and belief, is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.

> SCHOEMAN UPDIKE KAUFMAN
> & GERBER LLP
> Attorneys for Defendant Wal-Mart Stores East, LP
> (incorrectly named as Walmart Stores East, LP)
>
> By: */s/ Ola A. Nunez*
>     Ola A. Nunez

Dated: August 3, 2018

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that on August 3, 2018, I caused to be served via electronic mail and first class mail, a true and correct copy of the foregoing Notice of Removal on:

> Daniel Ward, Esq.
> Simon & Simon, P.C.
> 401 Market Street, P.O. Box 807
> Camden, New Jersey 08101
> Attorneys for Plaintiff

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct.

*/s/ Ola A. Nunez*
Ola A. Nunez

Dated: August 3, 2018